IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

KENYALE PIRTLE,

    Petitioner,

v.   No. 1:16-cv-01028-JDB-egb

UNITED STATES OF AMERICA,

    Respondent.

---

ORDER DENYING § 2255 MOTION,
DENYING CERTIFICATE OF APPEALABILITY,
AND
DENYING LEAVE TO APPEAL *IN FORMA PAUPERIS*

---

In February 2016, Petitioner, Kenyale Pirtle,[1] filed a *pro se* motion to vacate, set aside, or correct his sentence (the "Petition"), pursuant to 28 U.S.C. § 2255. (Docket Entry ("D.E.") 1.[2]) For the reasons that follow, the Petition is DENIED.

BACKGROUND

On February 15, 2013, the United States of America filed a criminal information charging Pirtle with one count of conspiring to distribute more than 500 grams of cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 846. (No. 1:13-cr-10012-JDB-1, D.E. 2.) On the same day, the Defendant entered a plea of guilty to the charge. (*Id.*, D.E. 5.)

At sentencing, Pirtle was determined to be subject to an enhanced sentence as a career offender under § 4B1.1 of the United States Sentencing Guidelines (the "Guidelines"), based on

---

[1] In its discussion of the underlying criminal matter, the Court will sometimes refer to Pirtle as the "Defendant."

[2] Unless otherwise noted, all record citations in this order are to documents filed in the instant case.

1

Tennessee convictions for aggravated assault and evading arrest. (Presentence Report ¶¶ 33, 55, 56, 59.) The Court sentenced him to 108 months and four years of supervised release. (No. 1:13-cr-10012-JDB-1, D.E. 15.)

In the Petition, the inmate seeks relief pursuant to *Johnson v. United States*, 135 S. Ct. 2551 (2015).

## DISCUSSION

A prisoner seeking to vacate his sentence under § 2255 "must allege either: (1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (internal quotation marks omitted).

Petitioner challenges his sentence based on the Supreme Court's ruling in *Johnson* that the residual clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), is unconstitutionally void for vagueness. *See Johnson*, 135 S. Ct. at 2556-57. He argues that *Johnson* renders unconstitutional his designation as a career offender under the Guidelines.

The argument fails. On March 6, 2017, the Supreme Court refused to extend *Johnson*'s reasoning to the Guidelines' career offender provisions. *See Beckles v. United States*, 137 S. Ct. 886, 892 (2017). The Court explained that, "[u]nlike the ACCA, . . . the advisory Guidelines do not fix the permissible range of sentences." *Id.* The Guidelines, therefore, "are not subject to a vagueness challenge under the Due Process Clause." *Id.*

The Petition is DENIED.

## APPEAL ISSUES

A § 2255 petitioner may not proceed on appeal unless a district or circuit judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1). A COA

may issue only if the petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2)-(3). A substantial showing is made when the petitioner demonstrates that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). "If the petition was denied on procedural grounds, the petitioner must show, 'at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Dufresne v. Palmer*, 876 F.3d 248, 253 (6th Cir. 2017) (per curiam) (quoting *Slack*, 529 U.S. at 484).

In this case, reasonable jurists would not debate the correctness of the Court's decision to deny the Petition. Because any appeal by Petitioner does not deserve attention, the Court DENIES a COA.

Pursuant to Federal Rule of Appellate Procedure 24(a), a party seeking pauper status on appeal must first file a motion in the district court, along with a supporting affidavit. Fed. R. App. P. 24(a). However, Rule 24(a) also provides that if the district court certifies that an appeal would not be taken in good faith, the prisoner must file his motion to proceed *in forma pauperis* in the appellate court. *Id.*

In this case, for the same reason it denies a COA, the Court CERTIFIES, pursuant to Rule 24(a), that any appeal in this matter would not be taken in good faith. Leave to appeal *in forma pauperis* is therefore DENIED.[3]

---

[3]If Petitioner files a notice of appeal, he must also pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* and supporting affidavit in the Sixth Circuit Court of Appeals within thirty days.

IT IS SO ORDERED this 16th day of August 2018.

                                              <u>s/ J. DANIEL BREEN</u>
                                              UNITED STATES DISTRICT JUDGE